UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RYAN JUSTIN BENNETT, #720938, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:16-cv-1297 |
| v. | ) Honorable Robert J. Jonker |
| JOHN CHRISTIANSEN, | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's complaint arises out of conditions of his confinement at the Ionia Correctional Facility (ICF) between March 16, 2016, and October 13, 2016. Plaintiff named ICF's Deputy Warden John Christiansen as the defendant.

Plaintiff alleges that he was "assaulted" March 18 and May 27, 2016, and that defendant Christiansen was deliberately indifferent to the risk that plaintiff would be assaulted on those dates in violation of plaintiff's rights under the Eighth Amendment's Cruel and Unusual Punishments Clause. (ECF No. 1 at PageID.2-3). Plaintiff also alleges that defendant violated his Eighth Amendment rights by housing him in temporary segregation for more than seven business days. (*Id.* at PageID.3). He alleges that, on October 13, 2016, defendant retaliated against him in violation of his First Amendment rights by threatening to allow prison staff to

"beat" him. (*Id.* at PageID.3). Plaintiff sues defendant in his individual and official capacities, and he seeks damages and declaratory and injunctive relief. (*Id.* at PageID.1, 4).

The matter is before the Court on defendant's motion for summary judgment based on the affirmative defense of failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF No. 32). Defendant's motion is the re-filing of an earlier motion that was dismissed without prejudice on March 24, 2017, for failure to comply with the requirements of W.D. MICH. LCIVR 7.1(d). On April 7, 2017, the Court entered an order advising plaintiff that his response to defendant's earlier motion (ECF No. 21, 22, 28, 29, 30) would be considered as his response to this motion. (ECF No. 34 at PageID.284). In addition, the order expressly advised plaintiff that his complaint was not properly verified and that it would not be considered as an affidavit in opposition to defendant's motion. (*Id.* at PageID.284-85). The order established April 24, 2017, as the deadline for plaintiff to file any supplement to his response to defendant's motion. (*Id.* at PageID.285).

Two days after the deadline passed, plaintiff signed three papers attempting to supplement his response. (ECF No. 40, 41, 42). Even giving plaintiff the benefit of the mailbox rule, these papers were untimely. Plaintiff offers no explanation why he waited until after the deadline had passed to sign these papers. Although it would be appropriate to exclude these supplemental papers from consideration, they are being considered in this report and recommendation.

For the reasons set forth herein, I recommend that all plaintiff's claims for damages against defendant in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that plaintiff's claim stemming from his confinement in temporary segregation be dismissed with prejudice because it is not a claim of constitutional dimension. I recommend that defendant's motion (ECF No. 32) be granted and that a judgment be entered dismissing all plaintiff's remaining claims without prejudice.

**<u>Summary Judgment Standard</u>**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at * 4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*,

270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and " 'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.' " *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.2d at 1056. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**Standards Applicable to the Affirmative Defense<br>of Failure to Exhaust Remedies**

Defendant has asserted the affirmative defense of plaintiff's failure to exhaust administrative remedies. A prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 "or any other Federal law" must exhaust available

administrative remedies. 42 U.S.C. § 1997e(a); *see Jones v. Bock*, 549 U.S. 199, 220 (2007); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 734. "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir. 2011) (internal quotations and citations omitted).

In *Jones v. Bock*, the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." 549 U.S. at 216. The burden is on defendant to show that plaintiff failed to properly exhaust his administrative remedies. The Supreme Court reiterated that "no unexhausted claim may be considered." 549 U.S. at 220. The Court held that when a prisoner complaint contains both exhausted and unexhausted claims, the lower courts should not dismiss the entire "mixed" complaint, but are required to dismiss the unexhausted claims and proceed to address only the exhausted claims. 549 U.S. at 219-24.

In order to exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules established by state law. *Jones v. Bock*, 549 U.S. at 218-19. In *Woodford v. Ngo*, 548 U.S. 81 (2006), the Supreme Court held that the PLRA exhaustion requirement "requires proper exhaustion." 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90; *see Scott v. Ambani*, 577 F.3d 642, 647 (6th Cir. 2009). Thus, when a prisoner's grievance is rejected by the prison as untimely because it was not filed within the prescribed period, the prisoner's claim is not "properly exhausted" for purposes of filing a section 1983 action in federal court. 548 U.S. at 90-93; *Siggers v. Campbell*, 652 F.3d 681, 692 (6th Cir. 2011); *see* 42 U.S.C. § 1997e(a).

MDOC Policy Directive 03.02.130 (effective July 9, 2007) sets forth the applicable grievance procedures.[1] In *Sullivan v. Kasajaru*, 316 F. App'x 469, 470 (6th Cir. 2009), the Sixth Circuit held that this policy directive "explicitly required [the prisoner] to name each person against whom he grieved," and it affirmed the district court's dismissal of a prisoner's claim for failure to properly exhaust his available administrative remedies. *Id.* at 470.

The Sixth Circuit has "clearly held that an inmate does not exhaust available administrative remedies when the inmate fails entirely to invoke the grievance

---

[1] A copy of the policy directive is found in the record. *See* ECF No. 33-2, PageID.277-83.

-7-

procedure." *Napier*, 636 F.3d at 224. An argument that it would have been futile to file a grievance does not suffice. Assertions of futility do not excuse plaintiff from the exhaustion requirement. *See Napier*, 636 F.3d at 224; *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."); *see also Booth v. Churner*, 532 U.S. at 741 n.6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise.").

## **Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff is an inmate in the custody of the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) (ECF No. 71) and he was an inmate at ICF at all times relevant to his complaint.

Plaintiff was "assaulted" by someone at ICF on March 18 and May 27, 2016. (ECF No. 22, PageID.198). On March 28, 2016, ICF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ICF-2016-03-0432-28A. Plaintiff did not mention any MDOC employee in his grievance. He asked that a Special Problem Offender Notice (SPON)[2] be placed in his file to prevent him from

---

[2] "A SPON is used to document those situations where an offender is considered a threat to the safety of another offender or a Michigan Department of Corrections'

contact with prisoner Rankin, his alleged assailant on March 18, 2016. (ECF No. 33-1, PageID.274). The grievance was rejected because it was duplicative of another grievance that plaintiff had filed. The rejection of Grievance No. ICF-2016-03-0432-28A was upheld at Steps II and III. (*Id.* at PageID.271-73).

On March 28, 2016, ICF's grievance coordinator received a second grievance from plaintiff and assigned it Grievance No. ICF-2016-03-0433-28A. In this grievance, plaintiff demanded that he be transferred to a prison facility providing permanent protective custody or the MDOC's re-integration program at the Alger Correctional Facility (LMF). (ECF No. 1-1, PageID.58). Plaintiff did not pursue this grievance through a Step III decision. (ECF No. 33-1, PageID.242).

On April 1, 2016, ICF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ICF-2016-04-440-28A. In this grievance, plaintiff complained that Resident Unit Manager Minard had not yet responded to his March 23, 2016, request to have a SPON placed in his file regarding prisoner Rankin. (*Id.* at PageID.268). The grievance was rejected at Step I because it was duplicative of another grievance. (*Id.* at PageID.269) The rejection of Grievance No. ICF-2016-04-440-28A was upheld at Steps II and III. (*Id.* at PageID.265-67).

On May 11, 2016, ICF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ICF-16-05-0601-28A. In this grievance,

---

employee, or a threat to the order or security of the facility." *Sango v. Grambau*, No. 1:12-cv-1199, 2014 WL 1366466, at *6 (W.D. Mich. Mar. 28, 2014) (citation and quotation omitted).

plaintiff complained that on May 7, 2016, he had been served a meal tray containing pizza. Plaintiff stated that he was allergic to the tomatoes and onions and demanded $15,000. The grievance was denied at Step I because there were no documented allergic reactions to tomatoes or onions and there was no medical detail precluding serving plaintiff meals containing those items. Plaintiff pursued Grievance No. ICF-2016-05-0601-28A through a Step III decision. (ECF No. 33-1, PageID.260-64; *see also* ECF No. 1-1, PageID.44-45).

ICF's grievance coordinator received a second grievance from plaintiff on May 11, 2016. This grievance was assigned Grievance No. ICF-2016-05-599-28A. Plaintiff complained that ICF's Security Classification Committee had not granted his request to be placed in permanent protective custody and he demanded $10,000. (ECF No. 1-1, PageID.51) The grievance was rejected at Step I because it was duplicative of another grievance. (*Id.* at PageID.50). The rejection was upheld at Step II. (*Id.* at PageID.52). Plaintiff did not pursue Grievance No. ICF-2016-05-599-28A through a Step III decision. (ECF No. 33-1, PageID.241).

On May 18, 2016, ICF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ICF-2016-05-0648-28A. This was not a grievance against defendant Christiansen. It was a grievance against "ARUS Powell, ARUS Hayes, ARUS Blair, RUM Larson, Inspector Minard, Deputy Sheaber, and Warden Willie O. Smith." (ECF No. 1-1, PageID.55) Plaintiff again demanded that a SPON be entered to prevent him from coming into contact with prisoner

Rankin (*Id.*). The grievance was rejected at Step I because it was duplicative of other grievances. (*Id.* at PageID.54). Plaintiff did not pursue Grievance No. ICF-2016-05-0648-28A through a Step III decision. (ECF No. 33-1, PageID.241).

On September 9, 2016, ICF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ICF-2016-09-1091-28A. Plaintiff indicated that he wanted to be interviewed by the ICF's Security Threat Group (STG) coordinator. (ECF No. 1-1, PageID.56). Plaintiff did not pursue this grievance through a Step III decision. (ECF No. 33-1, PageID.241).

On September 21, 2016, ICF's grievance coordinator received a grievance from plaintiff and assigned it Grievance No. ICF-2016-09-1189-28J. This was a grievance attempting to "reinstate" an earlier grievance. The exact grievance plaintiff was attempting to reinstate is unclear because the parties neglected to provide the Court with a copy of Grievance No. ICF-2016-09-1189-28J and the Step I grievance response. However, the evidence generated in connection with the Step II and III grievance appeals is sufficient to establish that Grievance No. ICF-2016-09-1189-28J was rejected at Step I because a grievance decision is challenged through an appeal to the next step in the grievance process, not a new grievance complaining about the processing of the earlier grievance. The rejection of Grievance No. ICF-2016-09-1189-28J was upheld at Steps II and III. (*Id.* at PageID.256-59).

On October 14, 2016, plaintiff filed a grievance claiming that he was allergic to tomatoes and onions and that those items had appeared on a recent meal tray.

This complaint was assigned Grievance No. ICF-2016-10-1334-28A. The grievance was rejected at Step I because it was duplicative of other grievances. Plaintiff pursued Grievance No. ICF-2016-10-1334-28A through a Step III decision. (*Id.* at PageID.251-54).

On October 25, 2016, plaintiff filed a grievance complaining about the breakfasts served at ICF on October 9, 11, 13, 15-19, 2016. This complaint was assigned Grievance No. ICF-2016-10-1360-28B. The grievance was rejected at Step I and plaintiff pursued unsuccessful appeals through a Step III decision. (ECF No. 33-1, PageID.246-50).

Plaintiff did not file any grievance corresponding to his allegations against defendant Christiansen, much less did he pursue such a grievance through a Step III decision before he filed this lawsuit. (ECF No. 33-1, PageID.240-75). Plaintiff states a conclusion that the grievance process was not available (ECF No. 30, PageID.219; ECF No. 42, PageID.303), but he does not provide any specific facts explaining how the grievance process that he frequently utilized during the period at issue was unavailable.

## Discussion

### I. Eleventh Amendment Immunity

Plaintiff's claims for damages against defendant in his official capacity is barred by Eleventh Amendment immunity. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has

waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). A suit against a state officer in his or her official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *VIBO Corp. v. Conway*, 669 F.3d 675, 691 (6th Cir. 2012). Furthermore, states and their departments are not "persons" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. at 71. Defendant Christiansen is entitled to dismissal with prejudice of all plaintiff's claims for monetary damages against him in his official capacity.[3]

## II. Temporary Segregation

Plaintiff alleges that defendant housed him for more than seven business days in temporary segregation in violation of MDOC policy and procedure, as well as plaintiff's Eighth Amendment rights. (Complaint ¶ 31, ECF No. 1, PageID.3). Claims under section 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state

---

[3] The recommendations for dismissal for failure to state a claim and seeking monetary relief against an immune defendant are made under statutory authority. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

law.  *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Defendant's alleged failure to comply with an administrative rule or policy does not rise to the level of a constitutional violation. *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001).

Plaintiff has not alleged facts sufficient to support any claim under the Eighth Amendment's Cruel and Unusual Punishments Clause stemming from his confinement in temporary segregation.  *See Chomos v. Palmer*, No. 1:15-cv-395, 2015 WL 1962965, at *8 (W.D. Mich. Apr. 30, 2015); *Dyer v. Hardwick*, No. 10-cv-10130, 2011 WL 4036681, at *11 (E.D. Mich. Aug. 1, 2011).  Confinement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration."  *Hewitt v. Helms*, 459 U.S. 460, 468 (1983).  Thus, it is considered atypical and significant only in "extreme circumstances."  *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010).  Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden-Bey v. Rutter*, 524 F.3d 789, 794 (6th. Cir. 2008).

In *Sandin v. Connor*, 515 U.S. 472 (1995), the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship.  *Id.* at 484.  Similarly, the Sixth Circuit has held that mere placement in administrative segregation, and placement

for a relatively short period of time, do not require the protections of due process. *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91 (6th Cir. 1995); *see Joseph v. Curtin*, 410 F. App'x at 868 (61 days in segregation is not atypical and significant). The Sixth Circuit has also held, in specific circumstances, that confinement in segregation for a relatively long period of time does not implicate a liberty interest. *See, e.g., Jones v. Baker*, 155 F.3d 810, 812-23 (6th Cir. 1998) (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding).

Plaintiff's brief stay in temporary segregation did not impose an atypical and significant hardship. *See e.g.*, *Flores v. Leece*, No. 2:17-cv-61, 2017 WL 4639957, at *3-4 (W.D. Mich. Oct. 17, 2017); *Abdel-Fares v. Terris*, No. 14-13301, 2015 WL 3451240, at *6 (E.D. Mich. Apr. 29, 2015). Thus, plaintiff has not alleged a viable due process claim. Plaintiff's complaints regarding placement in temporary segregation fail to state any claim of constitutional dimension.

### III. Exhaustion

Defendant has raised the affirmative defense that plaintiff did not properly exhaust his administrative remedies against him as required by 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Woodford*, 548 U.S. at 85. "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. at 220. Plaintiff did not file any grievance

against defendant corresponding to the claims that he is asserting against defendant and pursue such a grievance through a Step III decision. Plaintiff did not properly exhaust his claims against defendant before he filed this lawsuit.

Plaintiff's argument that the grievance process was not available (ECF No. 28 at PageID.215; ECF No. 29 at PageID.217; ECF No. 40 at PageID.299) is untenable on this record. *See Wills v. Barber*, 1:12-cv-434, 2014 WL 4059766, at *2 (W.D. Mich. Aug. 15, 2014). "Verified" arguments and legal conclusions are not evidence. Legal conclusions, whether asserted in a declaration, affidavit, or verified complaint, do not suffice to create a genuine issue of fact for trial. *See Medison Am., Inc. v. Preferred Med. Sys., LLC*, 357 F. App'x 656, 662 (6th Cir. 2009); *Simmons v. Rogers*, No. 1:14-cv-1242, 2017 WL 1179376, at * 1 (W.D. Mich. Mar. 30, 2017). Defendant has carried his burden on the affirmative defense and is entitled to dismissal of all plaintiff's remaining claims.

## **Recommended Disposition**

For the reasons set forth herein, I recommend that all plaintiff's claims for damages against defendant in his official capacity be dismissed with prejudice because they are barred by Eleventh Amendment immunity. I recommend that plaintiff's claim stemming from his confinement in temporary segregation be dismissed with prejudice because he fails to allege any claim of constitutional dimension. I recommend that defendant's motion (ECF No. 32) be granted and that a judgment be entered dismissing all plaintiff's remaining claims without prejudice.

Dated: December 12, 2017        /s/   Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge


**<u>NOTICE TO PARTIES</u>**

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).